**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY THOMAS STONE, | 3:12-cv-0555-RCJ-WGC |
| Plaintiff, | |
| vs. | **ORDER** |
| SHERIFF MICHAEL HALEY, DEPUTY COLLINS, DEPUTY BALCH, and WASHOE COUNTY, | |
| Defendants. | |

Plaintiff, who is a Nevada inmate, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 1-1). The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below. Plaintiff was granted leave to proceed *in forma pauperis*, and has paid an initial installment toward the full filing fee.

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

Plaintiff claims he was subjected to the use of excessive force while a pre-trial detainee at the Washoe County Detention Center in October of 2011. Specifically, plaintiff alleges that while detained he was served a meal without dessert. When he reported the missing dessert, defendants Deputy Collins and Deputy Balch entered his cell and without provocation or resistance proceeded to drag plaintiff from his bunk and pushed him into a wall, tripped him to the ground and then "twisted his arm behind his back and used their knees to drive plaintiff's head into the cement floor." Complaint, p. 5. Plaintiff alleges he suffered numerous injuries including a laceration to his left eye, bruised ribs and shoulder injuries. Plaintiff also alleges he received inadequate medical care for the injuries which resulted in continued pain and suffering.

Plaintiff seeks compensatory and punitive damages against the defendants.

A.   Excessive Force

In *Bell v. Wolfish*, the Supreme Court held that pretrial detainees had a due process right not to be punished. 441 U.S. 520, 535 & n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Court explained that, "what is at issue when an aspect of pretrial detention that is not alleged to violate any express guarantee of the Constitution is challenged, is the detainee's right to be free from punishment...." *Id*. at 534, 99 S.Ct. 1861 (emphasis in original); *see id.* at 535, 99 S.Ct. 1861 ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."). The key question "in determining whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word," is whether the restrictions evince a punitive purpose or intent. *Id.* at 538-39, 99 S.Ct. 1861.

At the time of the alleged assault, plaintiff was a pre-trial detainee who was not subject to punishment as contemplated by the Eighth Amendment. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989) *see also Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").  However, the Fourteenth Amendment affords pretrial detainees protections from excessive force and violence at least as strong as those afforded under the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244 (1983). As held in *Bell*, "[u]nder the Due Process Clause, detainees have a right against conditions or restrictions that "amount to punishment." *Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008).

Here, plaintiff has sufficiently alleged facts which present a colorable claim for the use of excessive force without due process against defendants Deputies Collins and Balch, where these defendants alleged assaulted plaintiff without cause or justification causing injury. Count I may proceed

against these two defendants.

  B.  <u>Denied Medical Care</u>

  As with the use of excessive force, the Fourteenth Amendment provides protections to pre-trial detainees for adequate medical care for serious medical needs while detained. A plaintiff claiming denial of this right must demonstrate that the defendants were deliberately indifferent to his need for medical attention. *Clouthier v. County of Contra Costa,* 591 F.3d 1232 (9th Cir. 2010).

  In count two, plaintiff alleges that after he was assaulted by the deputies on October 15, 2011, he was taken to the Infirmary at the detention facility where he was given stitches to close the laceration above his left eye. He complained of pain in his ribs and shoulder, but no x-ray was taken. Thereafter, he continued to suffer pain in both his ribs and shoulder but no medical care was given. On October 27, 2015, nearly two weeks after the original injury, plaintiff submitted a grievance seeking medical care. On November 7, 2011, ten days later, he was seen by medical personnel and provided with ibuprofen for the pain. Several days later his ribs were x-rayed, but no treatment was offered.

  Plaintiff contends these circumstances violated the holding of *"Estelle v. Gamble"* and he contends that the Washoe County Detention Facility Medical Department is responsible for that violation.

  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle v. Gamble*, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's count two fails to state a claim for relief as drafted. He has not shown that defendants were deliberately indifferent to his medical needs, nor has he alleged that the delay in treatment caused further injury. Count two will be dismissed as inadequate. Plaintiff will be given an opportunity to amend his complaint as to this count.

6

C.   Defendants

In addition to the deputies named in count one, plaintiff names the Washoe County Sheriff and Washoe County, itself, as defendants. A claim under § 1983 requires a plaintiff to allege :(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). Under § 1983, a county is such a person for purposes of § 1983. *See Miranda v. Clark County, Nev.,* 319 F.3d 465. 469 (9th Cir. 2003) (en banc); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco,* 595 F.3d 964 (9th Cir. 2010) (en banc).

Municipal government officials, such as the Sheriff, are also person for purposes of § 1983. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978); *but see McMillian v. Monroe County*, 520 U.S. 781, 786 (1997) ("[O]ur understanding of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law."); *see also Id.* at at 804–05 (Ginsburg, J., joined by Stevens, Souter & Breyer, JJ., dissenting)("A sheriff locally elected, paid, and equipped, who autonomously sets and implements law enforcement policies operative within the geographic confines of a county, is ordinarily just what he seems to be :a county official. . . . The Court does not appear to question that an Alabama sheriff may still be a county policymaker for some purposes, such as hiring the county's chief jailor. . . . And, as the Court acknowledges, under its approach sheriffs may be policymakers for certain purposes in some States and not in others. . . . The Court's opinion does not call into question the numerous Court of Appeals decisions, some of them decades old, ranking sheriffs as county, not state, policymakers.").

A local governmental unit may not be held responsible for the acts of its employee under a respondeat superior theory of liability. However, in *Monell,* the Supreme Court recognized that § 1983 municipal liability may be based on a municipal "custom or usage" having the force of law, even though it has "not received formal approval through the body's official decision-making channels." 436 U.S.

at 691.  Later, in *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997), the Court held that "[a]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."

Plaintiff has not demonstrated or even alleged that defendants Sheriff Michael Haley or Washoe County knew of or unknowingly acquiesced to the actions of the deputies' or detention center medical department's treatment of plaintiff.  Neither has he alleged or demonstrated that there exists some policy or custom of delayed medical care or excessive force in the jail.  Therefore, these defendants will be dismissed from the action without prejudice. Plaintiff will be given an opportunity to amend his complaint to provide the necessary facts showing the dismissed plaintiffs' liability.

Finally, plaintiff references the Washoe County Detention Center Medical Department in the body of count two as a party responsible for his claim of denied medical care.  Plaintiff has not listed this entity as a defendant and it is unlikely that the medical department in the jail is a proper defendant.  If plaintiff can identify individuals who provided or denied medical care, they should be named in their individual capacity.

### III. Conclusion

In count one, plaintiff has stated a colorable claim against Deputies Collins and Balch for the use of excessive force in violation of the plaintiff's Fourteenth Amendment rights to be free of punishment prior to trial and conviction.  This claim may proceed.

Plaintiff's count two, however, and his identification of Sheriff Haley and Washoe County as defendants are insufficient as noted above.  He will be given an opportunity to amend the complaint, if he wishes, to attempt to provide sufficient facts to support count two and the dismissed defendants' liability.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-1 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Therefore, if he files an amended complaint, plaintiff must include the allegations of count one, which the Court has found to be sufficient, in any amended complaint to ensure that claim goes forward.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that Count Two and defendants Sheriff Michael Haley and Washoe County are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from entry of this Order to file a First Amended Complaint. Failure to file the amended complaint in the time permitted will result in the matter proceeding as to County One only against Defendants Deputy Balch and Deputy Collins.

Dated this 3rd day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

9